O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ALLERGAN, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.<br><br>　　　　Defendants. | Case No.: SACV 14-1214 DOC(ANx)<br><br>**ORDER DENYING MOTION FOR EXPEDITED PROCEEDINGS** |

　　　　Before the Court is Plaintiffs' request for expedited proceedings. Allergan, Inc. ("Allergan") and Karah M. Parschauer (collectively, "Plaintiffs") initially filed an ex parte application for expedited proceedings on Aug. 4, 2014 ("Ex Parte App.") (Dkt. 11). Valeant Pharmaceuticals International, Inc., Valeant Pharmaceuticals International, and AGMS, Inc. ("Valeant") and Pershing Square Capital Management, LP, PS Management, GP, LLC, PS Fund 1, LLC, and William A. Ackman ("Pershing Square") (collectively, "Defendants") jointly opposed the application ("Ex Parte Opp.") (Dkt. 15). This Court issued a minute order on Aug. 7, 2014 denying the ex parte application, and construing it instead as a motion for an expedited

schedule (Dkt. 24). Defendants filed another opposition ("Rule 57 Opp.") (Dkt. 34) and Plaintiffs filed a reply ("Reply") (Dkt. 37). Defendants then filed a sur-reply ("Sur-Reply") (Dkt. 38). After reviewing the papers and considering the arguments at the hearing, the Court DENIES the motion.

### I. Background

This case arises out of Plaintiffs' allegations that Defendants violated federal securities laws and regulations in connection with Valeant's tender offer for Allergan and in connection with Valeant's and Pershing Square's proxy solicitations.

#### A. Alleged Securities Law Violations

Plaintiffs' core allegations are based on Section 14(e) of the Williams Act, 15 U.S.C. § 78n(e). Compl. ¶ 52. Section 14(e) prohibits "fraudulent, deceptive, or manipulative acts or practices, in connection with any tender offer." Rule 14e-3(a), 17 CFR 240.14e-3(a), provides that when an "offering person" "has taken a substantial step or steps to commence . . . a tender offer," it shall be unlawful for "any other person" to purchase or sell securities or options if 1) he receives nonpublic, material information about the tender offer directly or indirectly from the offering person, and 2) the information has not been publicly disclosed. Relatedly, Rule 14e-3(d), 17 CFR 240.14e-3(d), makes it unlawful for an "offering person" to communicate "material, nonpublic information relating to a tender offer to any other person under circumstances in which it is reasonably foreseeable that such communication is likely to result in a violation of this section."

Plaintiffs allege that the Pershing Square Defendants acquired their 9.7% stake in Allergan after Valeant gave them confidential information about its plans to make a tender offer for Allergan. Plaintiffs allege that Valeant was an "offering person" because Valeant had already begun hiring lawyers and having board committee meetings to discuss a transaction with Allergan. Compl. ¶ 52, 54. Defendants respond that Valeant and Pershing Square cannot be considered an "offering person" and "any other person," respectively, because Valeant and Pershing Square were co-bidders acting through PS Fund 1, a joint venture. Ex Parte Opp. at 4; Rule 57 Opp. at 3.

Plaintiffs also allege that the Defendants made various material misstatements and omissions related to Valeant's tender offer and Valeant's and Pershing Square's proxy solicitations in violation of Sections 13(d), 14(a), and 14(e) of the Securities Exchange Act of 1934 and regulations issued thereunder. Compl. ¶ 132-158.

### B.  Hostile Takeover Context

Valeant is currently attempting a hostile takeover of Allergan. Allergan's board has already rejected several bids by Valeant and has enacted a "poison pill" stockholder rights plan that prevents any one group of stockholders, e.g., PS Fund 1, from accumulating a larger stake in Allergan. Ex Parte App. (Dkt. 11), at 4. In order to remove the poison pill so that it can proceed with its tender offer, Valeant is now appealing directly to Allergan's shareholders to replace six of nine Allergan board members with directors who are friendlier to Valeant's acquisition. *Id.* at 1-2.

Under Allergan's bylaws, a special shareholders meeting shall be called if holders of 25% of Allergan's shares submit valid request forms. Allergan cannot call a meeting if federal securities laws were violated in soliciting the request forms. *Id.* at 2. Defendants represented to this Court at oral argument that they have collected the required number of forms and intend to request a special meeting. Hr'g Tr. 64:18-24, Aug. 20, 2014. Once the request has been made, Allergan's directors have a "reasonable period of time" within which to decide whether a special meeting should be called. Ex Parte App. at 2. Plaintiffs represented at oral argument that they believe 120 days to be a reasonable time; Defendants similarly interpret Allergan's bylaws to require a decision within 120 days. Hr'g Tr. 99; Ex Parte Opp. at 3.

Pursuant to Federal Rule of Civil Procedure 57, Plaintiffs seek a quick resolution of whether the Valeant Defendants violated federal securities laws in their actions related to the tender offer and proxy solicitations thus far, so that its directors will be able to make an informed decision about whether to call the special meeting. Ex Parte App. at 9-10.

### II.     Legal Standard

Under Federal Rule of Civil Procedure 57, "[t]he court may order a speedy hearing of a declaratory judgment action." A declaratory judgment allows a party to seek a ruling on his

prospective rights before an "actual controversy . . . has . . . reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." *Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996). Declaratory judgment allows the party to clarify what his obligations are, so that he can avoid future lawsuits. *Id*. A declaratory judgment is appropriate "whether or not further relief is or could be sought." 28 U.S.C. § 2201; Fed. R. Civ. P. 57 ("The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.").

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act." *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also* Fed. R. Civ. P. 57 ("The court *may* order a speedy hearing of a declaratory-judgment action.") (emphasis added). One factor that a district court may consider is whether declaratory judgment would "terminate the controversy" or at least substantially narrow the issues. Fed. R. Civ. P. 57 Advisory Committee Notes; *Klungvedt v. Unum Grp.*, No. 2:12-CV-00651 JWS, 2012 WL 2368623, at *3 (D. Ariz. June 21, 2012) (granting speedy hearing under Rule 57 on ERISA claim because it would be dispositive as to state law claims); *Chevron Corp. v. Donziger*, 800 F. Supp. 2d 484, 491 (S.D.N.Y. 2011) (explaining that decision on enforceability of judgment "probably would be dispositive of the unjust enrichment count, dramatically narrow or eviscerate the RICO and fraud claims . . . ."). Other factors include whether there is a pending state court proceeding, *Wilton*, 515 U.S. at 283; whether the facts are relatively undisputed; and whether the plaintiff shows the need for urgency. *See* Fed. R. Civ. P. 57 Advisory Committee Notes ("A declaratory judgment is appropriate when it will 'terminate the controversy' giving rise on undisputed or relatively undisputed facts."); *Anderson v. Pictorial Prods., Inc.*, 232 F. Supp. 181, 182 (S.D.N.Y. 1964) (denying request for speedy hearing because plaintiff's delay in filing the lawsuit showed that the matter was not urgent); *Tri-State Generation & Transmission Ass'n, Inc. v. BNSF Ry. Co.*, CV08-272-PHX-MHM, 2008 WL 2465407, at *6-7 (D. Ariz. June 17, 2008) (granting request for speedy hearing where resolution of plaintiff's declaratory judgment claim was likely dispositive of the matter and where the claim was fairly straightforward and simple).

### III. Discussion

The parties have two core areas of disagreement: 1) whether declaratory judgment is available in this case, i.e., whether Rule 57 applies to this case, as a legal matter; and, 2) even if so, whether a speedy hearing is appropriate, which is a matter of discretion for the Court. For the reasons discussed below, the Court finds that Rule 57 does apply. However, the Court declines to exercise its discretion to order expedited proceedings.

#### i. Whether Rule 57 Applies

Defendants argue that declaratory judgment is inappropriate altogether because Plaintiffs are not seeking a declaration of future rights in a context where Plaintiffs' obligations are unclear. Defendants contend that Plaintiffs' claims are based on past wrongs, are already ripe, and that their claims to damages and injunctive relief have already accrued. *See* Rule 57 Opp. at 12-13.

However, under the case law and the plain language of Rule 57's advisory notes and 28 U.S. § 2201, Plaintiffs' claims for damages and injunctive relief are not a barrier to declaratory relief. Plaintiffs seek declaratory judgment in order to clarify its future obligations under Allergan's bylaws, so that Allergan's board will not take an invalid action that will expose Allergan to future litigation. *See* Ex Parte App. 9-10. This is the purpose of declaratory judgments. *Seattle Audubon Soc.*, 80 F.3d at 1405. Thus, Rule 57 applies.

#### ii. Whether a Speedy Hearing is Merited

As discussed above, Plaintiffs seek a speedy hearing so that Allergan's board can make an informed decision as to whether a special meeting should be called. Plaintiff also claims that the expedited schedule will help stabilize Allergan's stock price and prevent harm to Allergan's current and potential investors. Mot. at 11.

Defendants' argue that an expedited schedule is not needed because Plaintiffs' delay in filing the complaint shows that their claims are not urgent. Defendants claim that if Plaintiffs were truly interested in expediting proceedings, they would not have waited to file a complaint until August even though they have known since June 2014 about Valeant's tender offer and the

insider trading events they complained about happened mostly in February and April 2014. Rule 57 Opp. at 7. Defendants assert that, although Plaintiffs claim to seek speedy resolution of their claims, Plaintiffs are actually trying to delay holding the shareholder meeting. On August 1, 2014, the same day that Plaintiff Allergan filed its complaint in this Court, Allergan wrote a letter to the Chancery Court in Delaware notifying that court of Allergan's action in this Court and stating its position that it believes that the Delaware court should decide any Delaware state law questions (such as interpretation of the bylaws). *Id.* Ex. 5 at 94. Defendants interpret the letter as an implied request for the Delaware court to stay anticipated litigation in Delaware pending this Court's resolution of Allergan's federal securities law claims. If the Delaware court decides to stay its own proceedings, then Allergan will have incentive to delay this Court's proceedings as much as possible. *Id.* at 17-18.

The Court finds neither side's arguments entirely persuasive. Complaints take time to investigate and develop; filing a complex case within a few months of discovering a harm does not necessarily mean that a matter is not urgent, especially when there appear to be new developments every few days in this live battle for corporate control.

On the other hand, although potentially imminent, neither the formal request for a special meeting nor the actual shareholder meeting has happened yet. It is also not clear that Allergan's bylaws require Allergan's directors to wait for the Court to resolve the claims before they can act. Since the parties have not sought the Court's interpretation of the bylaws and in fact insist that such interpretation is a matter for the Delaware state court, Rule 57 Opp., Ex. 5, at 94; Ex Parte Opp. at 3 n.2, the Court will refrain from opining on what Allergan's bylaws mean. Even if the bylaws did have such a requirement, however, the Court would be reluctant to create a precedent that allows corporations to demand at will the immediate attention and input of the federal courts in order to resolve intra-corporate disputes that might be better left to the dynamic free market or to the state court.

The Court is also concerned that the facts in this case are complex and "vigorously" disputed. Ex Parte Opp. at 4. For instance, in order to resolve the Section 14(e) insider trading claims, the Court would have to determine whether Valeant and Pershing Square were acting as

co-bidders through PS Fund 1, which Defendants claim is a joint venture, or whether Valeant and Pershing Square were acting as separate "person[s]" within the meaning of the Securities Exchange Act § 14(e). This is likely a fact-intensive question that would benefit from more than limited discovery.

The Court appreciates the seriousness of Plaintiffs' federal securities laws claims. However, the Court does not see sufficient justification at this time for accelerating Plaintiffs' case over all the others waiting in the docket.

**IV.  Disposition**

Thus, the Court DENIES Plaintiff's motion for expedited proceedings.

DATED:     August 21, 2014

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE