1  Mark Holscher (SBN 139582)
2  mark.holscher@kirkland.com
   Michael Shipley (SBN 233674)
3  Michael.shipley@kirkland.com
   KIRKLAND & ELLIS LLP
4  333 South Hope Street
   Los Angeles, California 90071
5  Telephone:   (213) 680-8400
   Facsimile:   (213) 680-8500
6
7  *Attorneys for Defendants Pershing*
   *Square Capital Management, L.P.; PS*
8  *Management GP, LLC; PS Fund 1,*
   *LLC; and William Ackman*
9
   [Additional counsel on signature page]
10
                    UNITED STATES DISTRICT COURT
11                  CENTRAL DISTRICT OF CALIFORNIA
                    SOUTHERN DIVISION—SANTA ANA
12

| | |
|---|---|
| 13  ALLERGAN, INC., *et al.*, | ) Case No.: 8:14-cv-01214-DOC-(ANx) |
| 14        Plaintiffs, | ) |
| | ) Honorable David O. Carter |
| 15     v. | ) **DEFENDANTS' OPPOSITION TO** |
| | ) **"PLAINTIFFS' RENEWED** |
| 16 | ) **MOTION FOR PROTECTIVE** |
| 17  VALEANT PHARMACEUTICALS, | ) **ORDER AND MOTION FOR** |
|     INTERNATIONAL, INC. *et al.*, | ) **RECONSIDERATION OF ORDER** |
| 18 | ) **GRANTING DEFENDANTS'** |
|        Defendants. | ) **MOTION TO COMPEL"** |
| 19 | ) |
| 20 | ) Courtroom:      9D |
| 21 | ) |
| 22 | ) |

1    Before the September 9 hearing in this case, Defendants informed Allergan that
2    they planned to display to the Court examples of documents that Allergan had
3    extensively redacted based on a claimed privilege under Delaware law.  To avoid
4    defending its redactions, Allergan agreed to re-produce the documents without
5    redactions.  The parties stipulated to this on the record (9/9/2014 Hr'g Tr. at 8:19–9:2)
6    and agreed to an expedited discovery schedule, with the expectation that Allergan
7    would produce the documents the next day.  But on September 11, Allergan provided
8    Defendants with a "replacement production" that nonetheless contained extensive
9    redactions.  On September 16, after an unsuccessful meet and confer, Defendants
10   moved to compel production.  Dkt. No. 92.  On September 18, Allergan cross-moved
11   for a protective order.  Dkt.No. 99.  The Court granted Defendants' motion, denied
12   Allergan's motion, and ordered Allergan to "remove any redactions based solely on
13   the business strategy doctrine and produce unredacted copies of the documents
14   produced to date."  Dkt. No. 116 at 3.  Allergan has not complied with this Order.

15   Allergan's motion for reconsideration is its latest tactic to avoid producing
16   documents.  Its motion should be denied because Allergan fails to satisfy Local Rule
17   7–18 or show good cause.  There is no new law.  Allergan does not dispute this
18   Court's legal reasoning, or the specific showing required to earn a protective order.
19   Yet, Allergan still has not even attempted to meet its burden to prove its entitlement to
20   redaction and the specific harm that would result from discovery of the information.
21   Instead, Allergan leaves the Court to sift through nearly a thousand pages of
22   documents and guess whether the redactions are warranted, without any factual
23   context or explanation about any supposed need for each redaction, other than a few
24   conclusory statements by Allergan's in-house counsel.

25   Allergan offers no new facts on the merits of its business strategy claim, but
26   instead relies on a recent inadvertent disclosure of three heavily redacted documents
27   that Defendants corrected immediately upon discovery, in compliance with the
28   Confidentiality Order.  While Allergan feigns indignation and misstates the magnitude

-1-

**DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION**

1    of this inadvertent error, the fact is that the unfortunate error was corrected within
2    minutes of its discovery, and the inadvertent disclosures involved three heavily
3    redacted documents largely containing public information.

4        No amount of hyperbole justifies Allergan's continued failure to comply with
5    the Court's order.  Depositions are now here, and Allergan has already obtained
6    improper advantages through its tactics.  Allergan is deposing a key Pershing Square
7    witness this weekend with the benefit of 170,000 pages of documents, most of which
8    were produced nearly a month ago and none of which contain any improper
9    redactions.  By contrast, Allergan still has not made any significant document
10   production and delays production further while asking the Court to sift through its
11   improper redactions.  In addition, Allergan is stalling by declining to produce its CEO
12   for deposition until eight days after the October 2 deadline in the Court's Scheduling
13   Order.  Defendants are being prejudiced by Allergan's misconduct, calling into
14   question whether a fair preliminary injunction hearing can even occur.

15   **I.    Allergan Has Not Satisfied Local Rule 7–18.**

16       This Court noted in its order denying Allergan's initial motion that "[a]t issue
17   are nearly 1,000 pages of documents that Plaintiffs produced with significant
18   redactions."  Order (Dkt. No. 116) at 1.  Allergan asserts that the Court was deprived
19   of a "complete record" because "[o]nly after Plaintiffs filed their Opposition did
20   Defendants raise objections to the specific redactions or address the 'good cause'
21   issue."  Mot. at 3.  But Allergan's "opposition" included a *cross-motion for a*
22   *protective order*, and it was Allergan's burden to prove good cause.  *See Foltz v. State*
23   *Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).  It failed to do so.
24   Allergan now submits a declaration from a lawyer and provides the documents at
25   issue for *in camera* review.  These are not "new facts."[1]

26

27   _____
     [1]    *Frederick S. Wyle, P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985)
28   (evidence available before party filed its opposition not "newly discovered"); *Yang*
     (Continued…)

-2-

**DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION**

Allergan attempts to manufacture other "new facts supporting reconsideration." Mot. at 3. Its first claimed "new fact" is a letter from Pershing Square to Allergan's Board of Directors. But nothing in the letter bears on the documents that Allergan has been ordered to produce to Defendants, or the existence of some "business strategy." Allergan next contends that Defendants disclosed "*the* materials" (its motion does not specify *which* materials) to outside parties. Mot. at 4 (emphasis added). This, too, has no bearing on whether the Court erred in denying Allergan's protective order motion.

Allergan also inaccurately describes these events. Due to an unfortunate error in implementing a written procedure that protected under seal documents from disclosure, one document that Allergan designated Highly Confidential was inadvertently copied to Pershing Square, and three heavily redacted documents designated Confidential or Highly Confidential were inadvertently uploaded to a website Pershing Square maintains. Shipley Decl. ¶¶ 5–7; Holscher Decl. ¶¶ 1–3. But these are *not* the "materials" for which Allergan's motion seeks protection under the business strategy doctrine. Mot. at 5. Rather, they are comprised of:

- Dozens of pages with no substantive content, other than the word "Redacted" in the middle of the page;

- A shareholder presentation that Allergan designated Highly Confidential even though it is publicly available on the SEC's and Allergan's websites;

- Two bank presentations referencing revised management projections that Allergan publicly disclosed in effect the same day, and a third presentation containing generalized strategy discussion and historical information.

Shipley Decl. Exs. 5–7. Allergan fails to explain that: (1) Defendants removed these documents from the website *within ten minutes* of discovering the error; (2) promptly had the relevant client representatives delete and not forward the information; (3) took steps to ensure that the inadvertent error resulting in the

---

*Ming Marine Trans. Corp. v. Oceanbridge Shipping Intern., Inc.*, 48 F. Supp. 2d 1049, 1056–57 (C.D. Cal. 1999) (denying re-presentation of same issue).

**DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION**

disclosure does not happen again; and (4) notified Allergan promptly in compliance with the Confidentiality Order.  Shipley Decl. ¶¶ 5–24, Ex. 8; Holscher Decl. ¶¶ 2–4.  While Defendants do not believe Allergan's designations are proper, they nonetheless acted promptly to remediate their inadvertent error, and have strengthened the safeguards that they have in place to prevent future mistakes.  Shipley Decl. ¶¶ 9, 25; Holscher Decl. ¶¶ 3–5.  Allergan is not entitled to "reconsideration" on these facts.[2]

## II.   Allergan Still Has Not Demonstrated Good Cause.

Allergan argues that the Court "rejected" Defendants' contention "that no federal business strategy privilege exists."  Mot. at 1.  To the contrary, the Court *agreed* with Defendants that the "business strategy privilege" is a "misnomer," and held that the "privilege" is not a privilege, but a "qualified immunity."  Dkt. No. 116 at 2.  And Allergan has not shown good cause for a protective order.  It still has "not proposed a limited time period for protection."  Dkt. No. 116 at 2.  The date range for discovery ends nearly two months ago; Allergan has not demonstrated how or why information at least two months' old reflects Allergan's current strategies in response to Defendants' acquisition bid.  Nor does Allergan demonstrate harm.  Allergan's initial motion relied on a conclusory statement that its redacted documents contained "sensitive information about potential transactions Allergan may be considering."  Smith Decl. (Dkt. No. 99–1) at ¶ 2.  Allergan now repeats these conclusions in six lines of text in a declaration from an in-house lawyer.  Pinkston Decl. ¶ 5.  But to show good cause, Allergan "bears the burden, *for each particular document it seeks to*

---

[2]    Allergan's cases miss the mark.  In *Ellis*, the court entertained defendant's motion for reconsideration where the court considered a "vicarious liability argument" that, unlike here, was not "flesh[ed] out" in plaintiff's opposition to defendant's summary judgment motion.  *Ellis v. Pa. Higher Ed. Assist. Agency*, No. CV–07–04498 DDP, 2008 WL 4351746, at *3 (C.D. Cal. Sept. 23, 2008).  And in *Katz*, the court considered an issue that "neither party directly addressed . . . in the underlying summary judgment briefs."  *In re Katz Inter. Call Processing Patent Litig.*, 2:07–ML–1816–C–RGK, 2012 WL 3060578, at *4 (C.D. Cal. Jan. 12, 2012).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*protect*, of showing that *specific prejudice or harm will result* if no protective order is granted." *Foltz*, 331 F.3d at 1130 (emphasis added). Allergan has made no showing at all specific to its hundreds of redactions, even though it has now had two chances to do so. *See IPALCO Enters., Inc. v. PSI Res., Inc.*, 148 F.R.D. 604, 607 (S.D. Ind. 1993) (holding that a showing of "good cause" in a hostile takeover context requires a description of "specific harms . . . likely to occur if the documents are produced").

Nor has Allergan explained how the documents at issue reflect its current strategies. It appears that Allergan has redacted presentations that concern the Valeant offer or any alternatives, but Allergan's investigation or discussion of a transaction does not reveal any secret strategy—it has been widely reported in the press that Allergan is trying to acquire another company, most recently Salix, to defend against Valeant's offer. Allergan's general references to unspecified harm that "may" occur, Pinkston Decl. ¶ 6, are insufficient. *IPALCO*, 148 F.R.D. at 607. And its contention that disclosure would "irreversibly tilt the playing field" is hyperbole. Mot. at 2, 5. In these circumstances, the federal securities laws *require* Allergan to disclose promptly the existence of any negotiations incident to an alternative transaction. 17 C.F.R. § 229.1006(d)(1). Allergan may designate truly sensitive information as Highly Confidential under the Confidentiality Order. This will protect Allergan by restricting dissemination of the information to Defendants' outside counsel, while respecting Defendants' rights to defend themselves in this litigation. Allergan's speculation that Highly Confidential materials will be used improperly is without merit. Mot. at 5.

Finally, Allergan's contention that "no federal court has in these circumstances ordered documents to be produced" is wrong. Mot. at 2. *IPALCO*—which Defendants cited in their opposition to Allergan's initial motion—did just that. 148 F.R.D. at 607 ("Assuming business strategy protection does exist under Rule 26(c), PSI and CG&E have not sustained their burden of proving 'good cause.'").

-5-

**DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION**

1    Dated: September 26, 2014                    Respectfully submitted,

2                                                 KIRKLAND & ELLIS LLP

3
                                                  By:  /s/ Mark Holscher
4
                                                  Mark Holscher (SBN 139582)
5                                                 Michael Shipley (SBN 233674)
                                                  KIRKLAND & ELLIS LLP
6                                                 333 South Hope Street
                                                  Los Angeles, California 90071
7                                                 Telephone:   (213) 680-8400
8                                                 Facsimile:    (213) 680-8500
                                                  Email:       mark.holscher@kirkland.com
9                                                              michael.shipley@kirkland.com
10
11                                                Jay P. Lefkowitz (*pro hac vice*)
12                                                John P. Del Monaco (*pro hac vice*)
                                                  Danielle Sassoon (*pro hac vice*)
13                                                KIRKLAND & ELLIS LLP
14                                                601 Lexington Avenue
                                                  New York, New York 10022-4611
15                                                Telephone:   (212) 446-4800
16                                                Facsimile:    (212) 446-4900
                                                  Email:       lefkowitz@kirkland.com
17                                                             jdelmonaco@kirkland.com
18                                                             dsassoon@kirkland.com

19                                                *Attorneys for Pershing Square Capital*
20                                                *Management, L.P.; PS Management, GP; LLC;*
                                                  *PS Fund 1, LLC; and William A. Ackman*
21
22
23
24
25
26
27
28

-6-

**DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: September 26, 2014

SULLIVAN & CROMWELL LLP

By:  /s/ Edward E. Johnson

Robert A. Sacks (SBN 150146)
sacksr@sullcrom.com
Edward E. Johnson (SBN 241065)
johnsonee@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Telephone: (310) 712-6600
Facsimile:   (310) 712-8800

Brian T. Frawley (*pro hac vice*)
frawleyb@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone:   (212) 558-4000
Facsimile:   (212) 558-3588

*Attorneys for Defendants Valeant*
*Pharmaceuticals International, Inc., Valeant*
*Pharmaceuticals International and AGMS, Inc.*

-7-
**DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>SIGNATURE CERTIFICATION</u>

Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: September 26, 2014          KIRKLAND & ELLIS LLP

By: /s/ Mark Holscher
Mark Holscher

*Attorneys for Pershing Square Capital Management, L.P.; PS Management, GP, LLC; PS Fund 1, LLC; and William A. Ackman*

**DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR RECONSIDERATION**